UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CARDS AGAINST HUMANITY, LLC,               :

      Plaintiff,    :  17-cv-02781 (CBA)(ST)

  -against-        :

SCS DIRECT, INC. and HOWARD  :  **REPLY DECLARATION OF**
GREENSPAN,           **RICHARD S. MANDEL, ESQ. IN**
             :  **FURTHER SUPPORT OF MOTION**
      Defendants.     **<u>FOR SUBSTITUTION OF COUNSEL</u>**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    RICHARD S. MANDEL, pursuant to 28 U.S.C. § 1746, declares:

    1.  I submit this declaration in response to the April 27, 2018 declaration of Eleanor M. Lackman, counsel for Plaintiff, and in further support of Defendants' application for an order substituting my firm as counsel for Defendants in this action. As outlined below, Plaintiff's attempt to deny Defendants' counsel of their choice in the guise of purported concerns about delay is not supportable. The reality is that Plaintiffs' expansive requests for more and more discovery have rendered it unlikely that all fact discovery can be completed by the current deadline, regardless of any substitution of counsel. Rather than working with me to formulate a realistic plan that can accommodate both sides' desire to complete reasonable discovery, Plaintiff has used Defendants' substitution request as an occasion to apply additional pressure on Defendants while seeking to interfere with Defendants' ability to select new counsel.

    2.  I contacted Ms. Lackman on April 27, 2018 to explain that Defendants were going to be switching counsel. Cognizant of the imminent fact discovery cutoff and many open discovery issues, and aware that our firm would require some time to become fully apprised of all the ongoing issues, I requested that Plaintiff consent to a short additional extension of thirty days to the current schedule.

3. Ms. Lackman seemed open to the request and suggested that we talk further next week after I had a chance to review matters further, saying "maybe you'll decide you only need 15 days, maybe you'll need 45 days." Encouraged by the response and expecting to have a further dialogue early the next week, we proceeded to file what we anticipated would be a pro forma motion seeking to substitute counsel. Although Defendants had made one prior change of counsel after they were able to secure insurance coverage in the case, my understanding is that it had not resulted in any delay to the overall case schedule. The fact that Defendants had decided as this case progressed closer toward trial that they wanted to retain a firm with particular expertise in intellectual property matters hardly seemed so out of the ordinary as to generate any controversy.

4. I was thus surprised when only hours later, without any follow-up call from Ms. Lackman to indicate a new view by Plaintiff, I learned that Plaintiff had actually filed an opposition to the requested substitution. Although Plaintiff now professes particular concern about the purported ongoing harm it is suffering, it waited nearly a year before even filing suit and never sought a preliminary injunction in this case. Accordingly, its position that a potential additional thirty day extension (or the forty-five days that Ms. Lackman actually herself introduced in my call with her) somehow justifies denying Defendants their choice of counsel appears completely misplaced.

5. In any event, the issue of scheduling is a separate matter that in all likelihood would have needed to be addressed regardless of Defendants' desire to choose new counsel. Plaintiff's recent letter of April 19 outlines some fifty categories of documents that it is claiming still need to be produced, including several that relate to products that are not even at issue in this case. At the same time, Plaintiff is seeking to take depositions beyond the ten permitted by Rule 30(a), disingenuously claiming that third-party depositions do not count toward that total even

though Rule 30(a) expressly references depositions of individuals that are not parties and whose attendance may need to be compelled by subpoena pursuant to Rule 45. Among the witnesses Plaintiff wishes to depose is Mr. Greenspan's wife, who has had no involvement in Defendants' business and is currently engaged in a divorce proceeding with him. Defendants are themselves about to issue a deficiency letter regarding outstanding discovery matters and will also wish to complete some additional depositions before the close of discovery. The likelihood that all this can be accomplished by May 21, absent some substantial compromises on what the parties are seeking, seems remote.

6. Defendants nevertheless remain committed to working with Plaintiff to ensure that discovery can be completed in an efficient and reasonable manner without undue delay, and Defendants' current counsel, Mr. Lane, has indicated his willingness to assist us in ensuring the smoothest possible transition, including with respect to any open discovery disputes or issues. Moreover, shortly after filing their opposition to the proposed substitution, Plaintiff's counsel sent an email making certain proposals with respect to open discovery items. Defendants respectfully submit that the parties should focus their attention on trying to work out those matters, including a reasonable schedule for the completion of any remaining fact discovery, and report back to the Court as may be necessary once that process is complete. In the interim, Defendants' substitution motion should be granted.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON APRIL 30, 2018 AT NEW YORK, NEW YORK.

RICHARD S. MANDEL

3