| CDAS | COWAN,<br><br>DEBAETS,<br><br>ABRAHAMS &<br><br>SHEPPARD LLP | 41 MADISON AVENUE<br>NEW YORK, NY 10010<br>T: 212 974 7474<br>F: 212 974 8474<br>www.cdas.com | Lindsay W. Bowen<br>212 974 7474 ext 1945<br>LBowen@cdas.com |
|---|---|---|---|

May 4, 2018

**VIA ECF**
Hon. Steven L. Tiscione, U.S.M.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Cards Against Humanity, LLC v. SCS Direct, Inc.*, 17-cv-02781 (CBA) (ST)
   Motion for Leave to Take One Additional Deposition

Dear Magistrate Judge Tiscione:

We represent plaintiff Cards Against Humanity, LLC ("CAH") in the above-captioned matter. We write pursuant to Rule III(A) of Your Honor's Individual Practices and Local Rule 37.3 to respectfully move to seek leave to take one deposition above the 10-deposition limit set forth in Rule 30. This additional deposition, as set forth below, is not duplicative or burdensome, and is demonstrably necessary, due to gaps in the record caused by Defendants' (collectively, "SCS") failure to sufficiently respond to CAH's discovery demands – despite repeated requests to do. The parties have made a good-faith effort to resolve this dispute but were unable to reach an agreement.

CAH filed the present action to enforce its rights in the game "Cards Against Humanity" (the "CAH Game"), against SCS, who sells a knock-off version (the "Infringing Game") (Dkt. No. 1). CAH asserts eight causes of action against SCS, all of which involve fact-intensive inquiries. To date, CAH has taken eight depositions – one of SCS's 30(b)(6) deponent (Mr. Greenspan himself), four of SCS's party witnesses, and three of non-party witnesses who are ex-employees of SCS. CAH still intends to take the individual deposition of Mr. Greenspan, as well as the depositions of SCS brand manager Veronica Lumbantoruan and SCS customer service manager Shelley Dreizen. Because SCS failed to disclose Ms. Dreizen's identity in its initial disclosures and interrogatory answers, CAH did not become aware of Ms. Dreizen's existence until well after it crafted its deposition strategy.

SCS has known about the three remaining depositions noticed by CAH for over a month, and even cited notice of the additional depositions as support for its second requested extension of discovery (*see* Dkt. No. 42), which was granted. Despite this extension, SCS refuses to cooperate in scheduling any of the remaining depositions, including by withholding many documents – some of which are the subject of CAH's motion to compel – on which the deponents will be examined.

Rule 30 provides that "the court must grant leave" to take more than 10 depositions per case where doing so is "consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2). Rule 26(b)(2), in turn, provides that additional depositions should be restricted when the: (1) the discovery sought is duplicative; (2) the party seeking discovery had ample opportunity to obtain the information by discovery in the action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R.

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

PAGE 2

Civ. P. 26(b)(2)(C)(i)-(iii). For the reasons specified below, CAH intends to take the depositions of the following individuals[1]:

- **Howard Greenspan (Individual Capacity)**. The importance of this individual deposition cannot be overstated, as Mr. Greenspan admittedly spearheaded the development of the Infringing Game, has exclusive knowledge of many issues central to this matter, and his 30(b)(6) testimony has been contradicted by many of the other deponents.

- **Veronica Lumbantoruan (SCS Brand Manager)**. Ms. Lumbantoruan has been the brand manager of the Infringing Game since its creation; she reviewed the content of the Infringing Game's cards before they were printed, manages the toys and games category at SCS for Amazon, and handles paid marketing for the Infringing Game, among other responsibilities.

- **Shelley Dreizen (SCS's Customer Service Manager)**. SCS did not disclose Ms. Dreizen in its initial disclosures, which is the principal reason for this application. Had she been disclosed, CAH would have reevaluated its deposition strategy. Ms. Dreizen has been SCS's customer service manager from the Infringing Game's inception until the present. Since SCS has refused thus far to produce all correspondence to Ms. Dreizen, either received via her work email address or via SCS's general customer service email address, CAH needs to depose Ms. Dreizen to fill critical gaps in SCS's document production, as SCS's correspondence with consumers is extremely relevant in terms of confusion, an essential element of CAH's claims.

The additional deposition[2] that CAH has proposed does not contravene the discovery limitations in Rule 26(b)(2)(C). First, Ms. Dreizen's deposition is not duplicative of other depositions taken. Mr. Greenspan himself testified during his deposition that Ms. Dreizen handles "99.9%" of customer service inquiries, which would likely be the source of most instances of confusion between the CAH Game and the Infringing Game. It is beyond comprehension that SCS, the source of the Infringing Game, and the direct contact for consumers purchasing the Infringing Game, would not have received any such inquiries from consumers that refer to, or reference, CAH or the CAH Game.[3] SCS's

---

[1] The depositions of Mr. Greenspan and Ms. Lumbantoruan are permitted without leave under Rule 30, so while CAH's motion is limited to requesting leave from the Court to depose Ms. Dreizen, we have included justifications for the remaining depositions to show the need for each deposition.

[2] While SCS claims that scheduling issues exist because of CAH's desire to depose Mr. Greenspan's ex-wife, Carrie Greenspan (*see* Dkt. 45, Reply Declaration of Richard S. Mandel, Esq. in Further Support of Motion for Substitution of Counsel, ¶ 5), CAH has already communicated to opposing counsel, twice via email in the past two weeks, that it is willing to forgo taking the deposition of Carrie Greenspan, and CAH does not include her deposition in its request herein. CAH was initially seeking to depose Ms. Greenspan due to Mr. Greenspan's own testimony that Ms. Greenspan may have exclusive knowledge regarding Mr. Greenspan's access to the CAH Game, and potentially his intent in developing the Infringing Game. After meeting-and-conferring with opposing counsel on the issue, however, CAH offered to compromise and proceed without taking her deposition.

[3] Notably, SCS's Amended Answers and Objections to CAH's First Set of Interrogatories, verified by Mr. Greenspan, provide that SCS "does not possess information regarding any person with knowledge of any correspondence SCS had received referencing CAH." This flatly contradicts a

current counsel, Mr. Lane, admitted himself during the parties' meet-and-confer on this issue that the depositions taken and requested are not duplicative given the structure of SCS's business.

Second, CAH has not had the opportunity to discover the information sought through this deposition, as SCS withheld Ms. Dreizen's identity. Moreover, Ms. Dreizen's name was scarcely even referenced in SCS's document production. CAH has moved to compel documentation of consumer correspondence, but it remains outstanding.

Third, what CAH is requesting – one additional deposition – is not burdensome, especially considering CAH's overall efforts thus far to be accommodating in its examinations: CAH has conducted a handful of depositions in Connecticut, for the convenience of witnesses, and accommodated scheduling requests by opposing counsel due to, *inter alia*, his paternity leave.

Courts in the Second Circuit freely grant leave for additional depositions where, such as here, it is warranted. *See Gross v. Bare Escentuals, Inc.*, No. 03 CIV. 3089 (RLC), 2006 WL 3161386, at *4 (S.D.N.Y. Oct. 30, 2006) (allowing fourteen depositions); *Sigala v. Spikouris*, No. 00-CV-0983, 2002 U.S. Dist. LEXIS 10743, at *1 (allowing thirteen non-duplicative depositions); *Commodity Futures Trading Comm'n v. Commodity Inv. Grp., Inc.*, No. 05 CIV. 5741 (HB), 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10, 2005) (allowing sixteen depositions).

SCS can hardly complain about the additional deposition requested by CAH, because it has been necessitated by SCS's own failure to sufficiently disclose its own witnesses. Moreover, had Mr. Greenspan testified accurately during his 30(b)(6) deposition, CAH may have taken the deposition of Ms. Dreizen over the deposition of SCS Director of Product Development Kristin Kery, whom Mr. Greenspan testified headed up the development of the entire product line. Kery ultimately testified that she was scarcely involved. Had CAH been aware of Kery's limited involvement, and had SCS properly identified Ms. Dreizen as a material witness in its initial disclosures, CAH could have made an informed decision about how to allot the depositions allowed without leave under the rules. Denying CAH the opportunity to depose Ms. Dreizen would reward SCS for failing to disclose an indispensable witness.

For the foregoing reasons, CAH seeks an order from the Court that it be permitted to take the deposition of Ms. Dreizen – one deposition beyond the 10-deposition limit – and any additional depositions, not to exceed five depositions beyond the 10-deposition limit, that may be necessitated once CAH receives SCS's supplemental document production.

---

document produced by SCS, bates stamped SCSD003408 (not attached hereto because of a confidential designation), wherein a customer email to SCS provides: "I am a collector/player and anything I can use as an expansion of my Cards Against Humanity deck I want to own." There are likely more.



COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

PAGE 4

Respectfully submitted,

Lindsay W. Bowen

cc:   R. David Lane
      Richard Mandel